**PFEIFFER et al. v. CITY OF LOUISVILLE.
TOWN OF ABERDEEN VILLAGE et al. v.
CITY OF LOUISVILLE et al.**

Court of Appeals of Kentucky.

March 23, 1951.

As Modified and Extended on Denial of
Rehearing June 22, 1951.

Stuart E. Lampe and Ropke, Goldstein, Lampe & Poynter, Louisville, for appellants.

Gilbert Burnett, Robert W. Meagher, Louisville, for appellees.

MILLIKEN, Justice.

These two appeals involve the annexation program of the City of Louisville and the legal existence of the Town of Aberdeen Village. The Pfeiffer case filed in 1946 represents a remonstrance of representative citizens against Louisville's proposal to annex their territory which is now included in the Town of Aberdeen Village. The Aberdeen Village case filed in 1950 seeks a determination of the right of the Town of Aberdeen Village or the City of Louisville to tax the property in the Town of Aberdeen Village over which Louisville asserts authority on the theory that it has been annexed.

Louisville passed a proposal ordinance on April 25, 1946, denominated Ordinance No. 53, Series 1946, pursuant to KRS 81.100, by which it proposed to annex territory including what is now the Town of Aberdeen Village but which was unincorporated territory at that time. If no protest had been made within thirty days of the enactment of the proposal ordinance, Louisville could have proceeded with annexation of the territory merely by passing another ordinance. KRS 81.100. Citizens of the Aberdeen area promptly took double-barreled action to avert annexation: they filed a remonstrance action (Pfeiffer) on May 22, 1946, under KRS 81.110, and they instituted proceedings to incorporate their

community under KRS 81.050. The Aberdeen area was adjudged incorporated on June 25, 1946, and, apparently, Louisville's annexation proposal would have to run the gauntlet of an Aberdeen election under KRS 81.120, the section of the statutes regulating the annexation of incorporated territory by the City of Louisville.

On the same day the Pfeiffer suit was filed in the Jefferson Circuit Court, Mr. Loeffler and other representative citizens of the territory which Louisville proposed to annex filed their remonstrance. Their interest was not confined to the Aberdeen area as such, but included it. The Loeffler case went to trial before a jury, in accordance with KRS 81.110(2), on March 25, 1947, and the jury found in favor of Louisville's proposal to annex the territory. An appeal was taken to this court, and the judgment of the trial court was affirmed. Loeffler v. City of Louisville, November, 1948, 308 Ky. 629, 215 S.W.2d 535. Thereafter, on April 25, 1950, Louisville adopted its final ordinance annexing all the territory in conformity with its proposal ordinance of four years before, on April 25, 1946.

Did the incorporation of the Town of Aberdeen Village after Louisville's proposal ordinance was enacted compel Louisville to complete its annexation proceeding under KRS 81.120 which requires a vote of approval by the electors of the town to be annexed, or could Louisville continue the annexation proceeding under KRS 81.100 regulating the annexation of unincorporated territory where the electoral consent of the citizenry of the area is not required? Is the decision in the Loeffler case determinative of the Pfeiffer case? These are the pivotal questions to be answered.

Louisville attacked collaterally the incorporation of the Town of Aberdeen Village upon the theory that its proposal ordinance of April, 1946, deprived the citizens of the Aberdeen area of their privilege of incorporating, and the trial court decided that the incorporation of Aberdeen Village "had no operative effect upon the City of Louisville's annexation proposal as embraced in Ordinance No. 53, Series 1946, * * *" and the officials.

562

and incorporators of the Town of Aberdeen Village had acted at their peril in incorporating and administering the Town.

 The judgment incorporating the Town of Aberdeen Village was not a nullity. The court was given no discretion by the statute, KRS 81.060, concerning the establishment of a town providing the jurisdictional facts were established in the proceedings requesting incorporation. Such facts were established in the action to incorporate Aberdeen Village so the court automatically granted the prayer as it was required to do by the statute. The advantages of incorporation are too well known to require enumeration, and an aspiring community should not be denied them. Certainly, its power to attain them should not be reposed in the political hands of another community, in this instance, Louisville. The enactment of the proposal ordinance by Louisville did not preclude Aberdeen Village from incorporating pending the ultimate decision of Louisville as to annexation. For us to hold otherwise would deny the citizens of an unincorporated area control of a means of collective action usually essential to effecting public improvements and adequately protecting the general health and welfare.

 However, the incorporation of Aberdeen Village after the enactment of Louisville's proposal ordinance was not an added obstacle to the annexation plan of Louisville, for the incorporation was accomplished with full knowledge of the Louisville proposal. Until and unless abandoned formally or impliedly, the proposal ordinance staked Louisville's prior claim to annex the Aberdeen area as unincorporated territory under KRS 81.100. See 62 C.J.S., Municipal Corporations, § 85, Note 41. Incorporation is not a defense to annexation made available to residents of unincorporated territory under KRS 81.110. By KRS 81.110 the citizens of unincorporated territory have the right to remonstrate against the proposed annexation by Louisville and to have a jury decide the issue. The right to a jury trial in the premises is confined to remonstrances against annexation proposals of Louisville; in the statutes regulating remon-

strances against annexation of unincorporated territory by all other municipalities in the state, the court determines the issue. KRS 81.140(3), 81.190(3), 81.220(2), 81.-230(2), 81.240(2). Since the jury in the Loeffler case determined the issues there presented in favor of Louisville, approved by us in 308 Ky. 629, 215 S.W.2d 535, is that decisive of the remonstrance of the Aberdeen area in the Pfeiffer case?

Before attempting to determine the effect of the Loeffler decision upon the present litigation, reference to the governing statute should prove helpful. The applicable portions of that statute, KRS 81.110, are as follows:

"(1) Within thirty days after the enactment of an ordinance proposing to annex unincorporated territory to a first-class city, * * * one or more residents or freeholders of the territory proposed to be annexed * * * may file a petition in the circuit court of the county, setting forth the reasons why the territory or any part of it should not be annexed, * * *.

"(2) If the jury finds, upon a hearing, that less than seventy-five percent of the freeholders of the territory to be annexed * * * have remonstrated, and that the adding * * * of the territory will be for the interest of the city, and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed * * *, the annexation * * shall be approved and become final. If the jury finds that seventy-five percent or more of the resident freeholders of the territory sought to be annexed * * * have remonstrated, the annexation * * * shall not take place, unless the jury finds from the evidence that a failure to annex * * will materially retard the prosperity of the city, and of the owners and inhabitants of the territory sought to be annexed * * *, in which case the annexation * * * shall take place notwithstanding the remonstrance."

 The statute authorizes a class or representative suit by "one or more residents or freeholders of the territory proposed to be annexed" to show why "the territory or any part of it should not be

annexed". Regardless of the percentage of remonstrants, the real issue before the jury in these cases was the effect of annexation or a failure to annex upon the prosperity and welfare of Louisville on the one hand, and on the other hand the effect on the persons and property sought to be annexed. We approve Judge Stanley's comment in Masonic Widows and Orphans Home et al. v. City of Louisville, 309 Ky. 532, 217 S.W.2d 815, 817: "It may be observed that the present statute, KRS 81.110, is confusing in several respects, e. g., it provides that there may be a protest of the annexation of a part of the territory covered by the proposal, but when it comes to the trial of the issue, it seems that the 'territory to be annexed' is to be regarded as a unit."

And again 309 Ky. at page 539, 217 S.W. 2d at page 819: "The view to be taken is of the entire area (to be annexed) and not the separate parcels of real estate in isolation."

This is in accord with our comment in Lewis v. Town of Brandenburg, 105 Ky. 14, 47 S.W. 862, 48 S.W. 978, 979, about a somewhat similar statute, "* * * it is sufficient to say that the statute providing for the annexation does not permit the residents of the territory sought to be annexed to split it up into parcels for the purpose of resisting annexation of one or more of such parcels." Upon the basis of this reasoning, we approved the trial court's order sustaining a general demurrer to the Green Tree Manor petition in Masonic Widows and Orphans Home et al. v. City of Louisville, 309 Ky. 532, 217 S.W. 2d 815.

The petition in the Pfeiffer case states "that freeholders of all of the area proposed to be annexed by the City of Louisville by said ordinance, have or will remonstrate against said annexation and these plaintiffs hereby state that they do and will join in with said freeholders to protest such annexation," and that Pfeiffer and his fellow remonstrants "do now on behalf of all of said freeholders and residents of the hereinafter described area (Aberdeen area) * * * protest and remonstrate against the annexation * * * of all of the area proposed to be annexed by the City of Louisville and described in said ordinance * * * and also specifically protest against the annexation of the part of that territory, which part is hereinafter described," and which was the Aberdeen area. Besides the general allegations required by KRS 81.110, Pfeiffer and his co-parties, including later the Town of Aberdeen Village, specifically pleaded that the Aberdeen area should not be annexed because it was to be, and was, incorporated as the Town of Aberdeen Village and would have to be annexed through the method described in KRS 81.120 which requires the consent of the electorate of an incorporated area. The pleadings further contended that school facilities and transportation for Aberdeen children would be adversely affected by annexation, that the topography and development of the Aberdeen area is such that if Louisville developed it in accordance with its usual specifications and practices, the value of the property would be greatly diminished and the Aberdeen area could not be effectively annexed without the annexation of certain other municipalities. Three years after the filing of motions to strike parts of the pleading and the filing of special and general demurrers by the City of Louisville, the trial court sustained the general demurrer to the pleadings, and Pfeiffer, refusing to plead further, appealed to this court.

In the action of the Town of Aberdeen Village v. City of Louisville, the petition recites the pendency of the Pfeiffer action, the incorporation of the Town of Aberdeen Village, and describes the action of Loeffler v. City of Louisville, 308 Ky. 629, 215 S.W. 2d 535 as one which had been brought by persons who did not reside in the Aberdeen territory and that the incorporation of the Town of Aberdeen Village was not there considered. Declaring, but not specifying, that there were other issues presented in the Pfeiffer case which were not considered in the Loeffler litigation, the petitioners concluded, in effect, that the Loeffler decision was not determinative of the issues presented in the Pfeiffer case.

■ It will thus be seen that the pleadings in the Pfeiffer case expressly took cognizance "that freeholders of all of the area to be annexed by the City of Louisville by said ordinance, have or will remonstrate against said annexation and these plaintiffs hereby state that they do and will join in with said freeholders to protest such annexation," language which probably referred to the Loeffler petition which was filed on the same day, and then went on to remonstrate against the annexation of the entire area proposed to be annexed and the Aberdeen area more specifically. We assume what we have said before in this opinion disposes of that part of the Pfeiffer petition and the Aberdeen Village petition which contend that the incorporation of Aberdeen Village, after the enactment of Louisville's proposal ordinance, compels the annexation of the Town of Aberdeen Village as incorporated territory. Inasmuch as the Loeffler and Pfeiffer petitions cover the same ground as to the annexation of territory except as to the Pfeiffer petitions, emphasis on the Aberdeen area, it follows that the decision in the Loeffler case is clearly decisive of the Pfeiffer case under our construction of KRS 81.110(2). Although there may be more than one representative suit protesting annexation of a part or all of the proposed territory to be annexed under KRS 81.110(1), the actual decision of one of them under KRS 81.110(2) covers the entire territory to be annexed as a unit and, consequently, decides them all.

■ Since the "territory to be annexed" is the unit under consideration in KRS 81.110(2), we conclude that the decision of the jury and the judgment of the court in the Loeffler case determined all issues in the Pfeiffer case as a matter of law.

■ In the joint motion to hear these appeals together, counsel say, "that many of the issues at law involved in both of said appeals are identical," and the records of the cases reveal that counsel have been the same throughout the proceedings. The Loeffler case is mentioned specifically in the petition of the Town of Aberdeen Village v. City of Louisville, and after its incorporation the Town of Aberdeen Village became a party to the Pfeiffer litigation. We mention this in order to support our conclusion that the other action by remonstrants referred to in the Pfeiffer petition was the action of the remonstrants in the Loeffler case. Since we have reached this conclusion, it follows that the Pfeiffer petition identifies the Pfeiffer action with the Loeffler action and the Loeffler action being determined, a general demurrer to the Pfeiffer pleadings was properly sustained. Had we not been able to so identify the Pfeiffer pleadings with those in the Loeffler case, we would have had to reverse the trial court's order sustaining the general demurrer to the Pfeiffer pleadings on the ground that they were not patently defective, and then suggest that the City of Louisville plead the Loeffler decision in bar. It must be borne in mind that the Pfeiffer and Loeffler actions are class or representative proceedings and, the class necessarily being identical as we have construed KRS 81.110(2), the decision in the Loeffler case is decisive of the Pfeiffer case.

By virtue of our decision that Aberdeen Village was properly annexed by the City of Louisville on May 8, 1950, a problem of taxation is presented. Prior to that time, Aberdeen Village had levied and collected a municipal tax for the calendar year 1950, which was its fiscal year. The City of Louisville attempted to assess ad valorem taxes on the residents of Aberdeen Village as of July 1, 1950, for its fiscal year, July 1, 1950, to June 30, 1951. Louisville has not as yet furnished any municipal services to the residents of Aberdeen Village, and it would clearly be inequitable to require them to pay two municipal taxes for the half year period between July 1, 1950, and December 31, 1950.

■ The question of taxation is raised in the Aberdeen Village declaratory judgment case, and this question should be decided herein. Under the provisions of KRS 81.130, "A first-class city annexing the territory of a smaller city shall be bound for all the debts and liabilities of that city and shall be the owner of all its corporate property, franchises and rights * * *." Since tax monies remaining in the till of Aber-

deen Village become Louisville's by the terms of the statute, it is logical to conclude that the purposes for which Aberdeen Village expended other tax funds become assets, tangible and intangible, of Louisville. It is our conclusion that the taxes paid by property owners of Aberdeen Village to that municipality be properly credited on Louisville taxes for the Louisville fiscal year of 1950–1951.

The judgment of the lower court is affirmed in all respects except as to the incorporation of the Town of Aberdeen Village which we have concluded was properly incorporated, but which loses its identity as such upon its annexation to the City of Louisville which is hereby approved.