In re Incorporation of Village of Brown Deer: Whit-
ten and others, Appellants, vs. City of Milwaukee
and others, Respondents.

*September 9—October 5, 1954.*

For the appellants there was a brief by *Bloodgood & Passmore* and *John P. Roemer,* all of Milwaukee, and oral argument by *Mr. Roemer.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

BROADFOOT, J.  A proceeding for the incorporation of a village and a proceeding for the annexation of adjacent territory to a city are governed by statute. Conflicts have arisen in the past as to which proceeding has precedence. The general rule is stated in the case of *In re Incorporation of Village of St. Francis,* 208 Wis. 431, 436, 243 N. W. 315, as follows:

"Where the two proceedings are begun about the same time and in good faith, undoubtedly some reasonable arrangement can be made which would be more satisfactory to applicants than a dismissal of their proceeding; but the universal rule as gathered from the decisions with reference to a state of facts such as exists here is to the effect that the proceedings first instituted have precedence. The logic of this is that the later proceedings are of no effect. It will be readily conceded that there cannot be two corporations or municipalities organized for similar purposes with coextensive powers of government

extending over the same district, and as the application for incorporation includes territory which, as the record now stands, it cannot include, the application must be denied."

The statute with reference to annexation, sec. 62.07, provides that the proceeding is started by the posting of notices within the area sought to be annexed. It then provides that within ten days and not more than twenty days after the posting, a petition or petitions shall be caused to be circulated. No time is designated in the statute for the completion of the annexation proceedings. It was held in *State ex rel. Madison v. Walsh,* 247 Wis. 317, 19 N. W. (2d) 299, that the term "caused to be circulated" refers to the time within which the circulation of the petition or petitions be commenced. The question of the time within which an annexation proceeding must be completed was considered in that case, and on that point this court said (p. 324):

"No time is fixed for the filing of the petition. A time for taking subsequent steps with relation to circulation and filing of the petition rests in reason and good faith. We may well quote again from Judge GEHL's opinion where he says: 'The purpose of the forty-five-day [now twenty-day] limitation is to render it impossible to post the notices, then wait an unreasonable time and until the matter has been forgotten, and then proceed as is ordinarily done with petitions to obtain the signatures of disinterested and uninformed people.'"

The trial court determined the present issue upon its belief that the sole question presented was the good faith on the part of the city of Milwaukee in prosecuting its annexation proceeding. If that were the sole question involved, we would affirm. However, the court seems to have overlooked the rule laid down in the *Walsh Case, supra,* in which it was said the test was whether or not the proceeding was being prosecuted "in reason and good faith." This court held in the *Walsh Case, supra,* in effect, that annexation proceedings must be conducted with reasonable dispatch and completed within a

reasonable time. In the absence of legislation fixing a maximum time for the completion of annexation proceedings we cannot fix an arbitrary time therefor, or we would be legislating. We can and do say, however, that annexation proceedings once commenced must be conducted and completed within a time that is reasonable in view of all of the circumstances. The only legislative expression upon the matter since the decision in the *Walsh Case* is that the statute was amended to require that the circulation of petitions for annexation must be commenced within twenty days after the date of posting rather than forty-five days as permitted prior to the amendment. This is an indication at least that the legislature favors a prompt conclusion of annexation proceedings.

With reference to the question of a reasonable time for the completion of the proposed annexation, the record discloses the following: The area of 20½ square miles involved more than double the amount of land ever involved in annexation proceedings by the city of Milwaukee. The population of the area is not shown. However, there were 1,324 persons within the one and eight-tenths square miles sought to be incorporated and this area was entirely embraced within the larger area sought to be annexed. The notices with reference to the incorporation were posted nearly nine months after the larger area was posted for annexation. The hearing was more than ten months after the date of the posting for annexation. At least five petitions in connection with the annexation proceeding were being circulated within the area at the time of the hearing on the petition and, as the trial court stated in its memorandum decision, "a surprisingly small number of signatures had actually been obtained." The testimony indicates that approximately 150 signatures had been obtained by November 3d. An attempt had been made to annex a portion of the same area in 1951 and the proceeding failed because an

insufficient number of electors and owners of land therein signed the petition. A witness for the city of Milwaukee testified that another year would be required to complete the annexation proceedings following the date of hearing. This estimate was based, we assume, upon the present rate of progress. On the date of the hearing, mapping the district had not been completed, nor had records of ownership been completed. The record does not disclose how many persons were engaged in such work, nor just what attempts had been made to expedite the matter.

Under the circumstances as disclosed by the record it is apparent that approximately two years would be required to complete the annexation. The trial court made no finding of fact as to the reasonableness of the time involved in the annexation proceedings. Had he made a finding from the record before us that the time involved was reasonable, we would have to hold that such finding was against the great weight and clear preponderance of the evidence.

It is our determination that the city acted in good faith but not within reason in the prosecution of the annexation proceeding. Thus, the posting of the annexation notices on December 30, 1952, was no bar to the proceedings for incorporation in view of the record presented.

*By the Court.*—Order reversed, and cause remanded for further proceedings consistent with this opinion.

STEINLE, J., took no part.