MAYOR, COUNCILMEN, AND CITIZENS OF the CITY OF LIBERTY, A Municipal Corporation, Plaintiff-Respondent,

v.

DEALERS TRANSPORT COMPANY, A Corporation, and the City of Kansas City, Missouri, A Municipal Corporation, Defendants-Appellants.

No. 47966.

Supreme Court of Missouri, En Banc.

Feb. 19, 1961.

—◆—

Benj. M. Powers, Richard H. Koenigs-dorf, City Counselors, John J. Cosgrove, Associate City Counselor, Robert A. Meyers, Asst. City Counselor, Kansas City, for defendants-appellants.

William E. Turnage, City Atty., Liberty, for plaintiff-respondent.

WESTHUES, Judge.

This case is here on transfer from the Kansas City Court of Appeals. The opinion of that court is reported in 328 S.W.2d 727.

In this opinion, plaintiffs Mayor, Councilmen, and Citizens of the City of Liberty will be referred to as City of Liberty.

On September 15, 1958, the City of Liberty, located in Clay County, Missouri, filed a petition in the Circuit Court of that county for a declaratory judgment. The petition was filed under the Sawyer Act, Sec. 71.015, V.A.M.S., RSMo 1959, V.A.M.S., which authorizes the filing of such a petition under the Declaratory Judgment Act, Chapter 527, V.A.M.S., RSMo 1959.[1]

The relief sought was to have the court declare that a proposed annexation of land to the City of Liberty was reasonable and necessary. Named as defendants were Dealers Transport Company and the City of Kansas City, Missouri. The Transport Company owned the property proposed to be annexed. Defendant Kansas City was made a defendant because that City had theretofore, on April 6, 1956, introduced an ordinance to amend its charter by annexing certain territory in Clay County, Missouri, effective January 1, 1961, which included the territory proposed to be taken by plaintiff City of Liberty. The Dealers Transport Company did not file an answer. Kansas City did file an answer, the substance of which we shall state later in this opinion.

The City of Liberty filed a motion for judgment on the pleadings as to Kansas City. This motion was sustained. Evidence was introduced bearing only on the issue of whether the extension of the territory was reasonable. Defendant Kansas City took no part in this hearing. The trial court decreed that the proposed annexation was reasonable and the court entered a judgment on the pleadings against Kansas City. Kansas City appealed to the Kansas City Court of Appeals. That court affirmed the action of the trial court. However, as may be noticed, the Court of Appeals did not rule the question of whether the judgment on the pleadings had the effect of preventing Kansas City from completing its proposed annexation. In fact, the Court of Appeals ruled that both cities should be permitted (if they so desired) to complete the annexation; that then, and only then, should the question of whether Kansas City had priority be decided. See 328 S.W.2d loc. cit. 732, where the court said, "Nor do we decide what the respective rights of Liberty and Kansas City over the area in question might be in the speculative event that both complete their annexation proceedings." On

1. Now V.A.M.R. Civil Rule 87.01 et seq.

motion, the case was transferred to this court.

The case was argued and submitted to Division I of this court on May 4, 1960. In an opinion adopted on July 11, 1960, the cause was remanded to the trial court for the purpose of hearing evidence to determine whether the City of Kansas City had abandoned its annexation proceedings or had unduly delayed the completion of its proceedings and thereby lost its right of priority. On motion of the City of Liberty, the case was transferred to the Court en Banc where it was submitted on supplemental briefs and oral argument on January 25, 1961.

For a detailed statement of the case, we recommend a reading of the opinion of the Court of Appeals, 328 S.W.2d 727.

It will be noted that the Court of Appeals stated, in its opinion, 328 S.W.2d loc. cit. 730(1, 2), with reference to the claim of priority made by Kansas City, that "Counsel for both Kansas City and Liberty agree that there exists in this state, and elsewhere, what is popularly referred to as 'the prior jurisdiction doctrine.' This doctrine has resulted from the sound recognition that there cannot be two municipal corporations with co-extensive powers of government extending over the same area. The resulting and settled rule is that where two public bodies such as a municipal corporation or school district each claim jurisdiction over the same territory by virtue of *completed* consolidation proceedings or by *completed* annexation proceedings, the one which takes the first valid step to establish the consolidation or annexation has the superior claim regardless of which one completes its proceedings first. State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762; State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271; Walker Reorganized School District R–4 v. Flint, Mo.App., 303 S.W.2d 200. We have italicized the word 'completed' because in all of the Missouri cases applying the prior jurisdiction doctrine that have come to our attention

through counsel and our own research *the contending public bodies had completed all of their steps to annex* and were seeking a determination as to which one had the superior claim thereto." For other cases on the question of priority, see State ex rel. Dalton ex rel. Stonum v. Reorganized District No. 11, Mo., 307 S.W.2d 501, loc. cit. 504(1); State ex rel. Harrier v. Village of Spring Lake Park, 245 Minn. 302, 71 N.W.2d 812; Pfeiffer v. City of Louisville, Ky., 240 S.W.2d 560; Loeffler v. City of Louisville, 308 Ky. 629, 215 S.W. 2d 535; City of El Paso v. Tuck, Tex.Civ. App., 282 S.W.2d 764; Couch v. City of Fort Worth, Tex.Civ.App., 287 S.W.2d 255; and 62 C.J.S. Municipal Corporations § 52, p. 150.

■■ The Court of Appeals ruled correctly in holding that where two or more municipalities institute annexation proceedings, the one first in order of time has priority. We are of the opinion that the Court of Appeals was in error in ruling that in this case both cities should be permitted to proceed and that the question of priority should not be determined until, and if, both cities completed annexation.

The City of Liberty filed this suit under the declaratory judgment statutes. In the prayer of the petition, it was stated:

"Wherefore, plaintiff prays the court to make its order authorizing plaintiff to annex the within described territory, and declaring that the City of Kansas City, Missouri, has no right to annex such territory."

The very purpose of the Declaratory Judgment Act is to have questions of this nature decided. Such an adjudication prevents useless expense and complications. Note the conflicting interests involved in the case of Pfeiffer v. City of Louisville, Ky., 240 S.W.2d 560, where the territory was annexed and about the same time the territory was incorporated into a village. The Court of Appeals cited the case of State ex rel. Industrial Properties, Inc. v. Weinstein, Mo.App., 306 S.W.2d 634, as authority for holding that both cities

should be permitted to annex before a court should determine the question of priority. That case does not rule the point before us. In that case, three municipalities had instituted proceedings to annex the same territory. The Court of Appeals was asked to issue a writ of prohibition against a circuit judge to prevent him from entertaining an action by one of the cities brought under the Declaratory Judgment Act. The Court of Appeals refused to issue the writ. It ruled that prohibition was a discretionary writ and usually issued only in cases where there is a lack of jurisdiction. It is apparent that the case is not in point.

■ Under the Declaratory Judgment Act, the relief should be complete. As said in 26 C.J.S. Declaratory Judgments § 161, p. 374, "As a general rule, in awarding declaratory relief, the court should make a full and complete declaration, disposing of all questions of right, status, or other legal relations encountered in adjudicating the controversy, * * *."

■ The answer filed by Kansas City is set out in full in the opinion of the Court of Appeals, 328 S.W.2d loc. cit. 728, 729. We shall here state only the substance of the answer which was filed November 3, 1958. Kansas City, in this answer, claimed that it had embarked upon a master plan for proposed annexation of territory; that in pursuance thereof studies had been and are being made as to the adaptability of territory for annexation. It is claimed that under this plan, three areas had been annexed, one effective January 1, 1957, one in January, 1958, and another to take effect in January, 1959; that one other such project was to be completed by January 1, 1960, and still another by January 1, 1961. It was stated that under this plan an ordinance was introduced on April 6, 1956, to amend the charter " 'by annexing certain territory in Clay County, Missouri, effective January 1, 1961; that included in said territory was the area described in plaintiff's petition.' "

In the briefs and in oral argument before the Court en Banc, it was admitted that Kansas City, after the opinion in Division I was adopted, had completed the annexation of the territory in question. The City of Liberty has requested that the case be finally determined upon the pleadings and the admitted facts. We are of the opinion that the facts stated in the answer do not as a matter of law show that Kansas City had abandoned the proposed annexation or that there was unreasonable delay or lack of good faith. In fact, the annexation was completed within the time as originally proposed. That fact refutes the contention that there was an abandonment. State ex rel. Dalton ex rel. Stonum v. Reorganized District No. 11, Mo., 307 S.W.2d 501.

■ In the briefs, the City of Liberty cited cases from Wisconsin and asks this court to follow the rules announced by that court. The cases cited are City of Milwaukee v. Town of Oak Creek, 8 Wis. 2d 102, 98 N.W.2d 469, and In re Incorporation of Village of Brown Deer, 267 Wis. 481, 66 N.W.2d 333. The Wisconsin court ruled that an annexation proceeding, once instituted, must be completed within a reasonable time or the right of priority in order of time may be lost. We have no quarrel with that rule. We quote with approval what was said in the Village of Brown Deer case, 66 N.W.2d loc. cit. 335 (also quoted by the Court of Appeals, 328 S.W.2d loc. cit. 731, 732): "Annexation proceedings must be conducted with reasonable dispatch and completed within a reasonable time. In the absence of legislation fixing a maximum time for the completion of annexation proceedings we cannot fix an arbitrary time therefor, or we would be legislating. We can and do say, however, that annexation proceedings once commenced must be conducted and completed within a time that is reasonable in view of all of the circumstances."

In the brief filed by Kansas City in the Court of Appeals, it admitted that an annexation proceeding should be completed

within a reasonable time. It was there stated that "While we have found no decision ruling the point, it is doubtless the law that a city, having initiated annexation proceedings, may not sit idly by for a long period of time, without any act in furtherance of annexation and by a 'dog in the manger policy' deny other cities the right to annex territory." However, under the pleadings and admitted facts that question is not before us for decision.

We rule that under the pleadings and admissions made the City of Liberty may not annex the territory described in its petition. The judgment of the trial court is therefore reversed and the case is hereby remanded to that court with directions to enter a judgment in conformity with this opinion.

It is so ordered.

All concur.