**Wayne SULLIVAN et al., Appellants,**

v.

**CITY OF PADUCAH et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 7, 1977.

Discretionary Review Denied
March 30, 1977.

W. David Denton, Paducah, for appellees.

J. William Graves, Goheen, Yaffe & Graves, Paducah, for appellants.

Before HAYES, LESTER and PARK, JJ.

PARK, Judge.

This is an appeal from a judgment of the McCracken Circuit Court upholding an annexation ordinance enacted by the Board of Commissioners of the City of Paducah on November 23, 1971. The ordinance provided for the annexation of an area containing approximately 250 acres adjacent to the City of Paducah and the Paducah Flood Wall. The area is essentially commercial in character, with approximately 74 business establishments. The area is bisected by U.S. 60–62–68, one of the main arteries into the City of Paducah. Some 20 to 25 people reside in the five or six residences within the area.

This litigation was commenced in the McCracken Circuit Court on December 10, 1971, by persons opposing the annexation. The parties stipulated that more than fifty percent of the resident freeholders within the area sought to be annexed have remonstrated against the annexation. The City of Paducah being a city of the second class, this case is governed by KRS 81.140 which provides in part:

"Any city of the second class may annex any unincorporated territory or reduce the boundaries of the city, in the same manner and under the same procedure as is provided in KRS 81.100 and 81.110 for annexation of unincorporated territory or reduction of boundaries by cities of the first class, with the following exceptions:

\* \* \* \* \* \*

(2) The proceedings in the circuit court shall be tried according to the practice prescribed for the trial of equity cases, without the intervention of a jury.

(3) The number of freeholders whose remonstrance will control the question of annexation or reduction shall be fifty per cent (50%). \* \* \*"

With the changes dictated by KRS 81.140 set forth in brackets, the relevant portion of KRS 81.110 provides:

"(2) If the [court] finds, upon a hearing, that less than [fifty per cent] of the free-holders of the territory to be annexed or stricken off have remonstrated, and that the adding or striking off of the territory will be for the interest of the city, and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed or stricken off, the annexation or reduction shall be approved and become final. If the [court] finds that [fifty per cent] or more of the resident freeholders of the territory sought to be annexed or stricken off have re-monstrated, the annexation or reduction shall not take place, unless the [court] finds from the evidence that a failure to annex or strike off will materially retard the prosperity of the city, and of the owners and inhabitants of the territory sought to be annexed or stricken off, in which case the annexation or reduction shall take place notwithstanding the re-monstrance."

As more than fifty per cent of the resident freeholders remonstrated against the annexation, the City of Paducah had the burden of proving that a failure to annex (1) would materially retard the prosperity of the city, *and* (2) would materially retard the prosperity of the owners and inhabitants of the territory sought to be annexed.

Proof in the case was taken by deposition and in open court from August through December of 1975. After making extensive findings of fact, the circuit court on March 16, 1976, entered a judgment upholding the city's right to annex the area in question. On April 21, 1976, after a further hearing, the circuit court overruled a motion for new trial and for relief under CR 60.02.

In reviewing the findings of fact and judgment of the circuit court, this court is governed by CR 52.01 which provides:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

The appellants argue that the trial court erred in considering evidence of events since the enactment of the annexation ordinance in 1971. Particular objection is made to testimony concerning a study conducted in 1975 shortly before the trial of the case. If this evidence is eliminated from consideration, the appellants then argue that there would be insufficient evidence in the record to sustain the city's burden of proving that the prosperity of the city and the area sought to be annexed would be materially retarded.

Whenever a city of the second class enacts an annexation ordinance, the city can not know whether fifty per cent or more of the resident freeholders within the area to be annexed will remonstrate against the annexation. At the time the annexation ordinance is adopted, the city can not know what burden of proof may be imposed upon it in any future annexation litigation. In adopting an annexation ordinance, the governing body of the city is exercising a legislative function. The statutes do not require the governing body of the city to make findings of fact after a trial-type hearing.

Under the statutory scheme, the only fact finding is by the trial court under KRS 81.110 as incorporated by KRS 81.140. The trial court must find from the evidence that a failure to annex will materially retard the prosperity of the city and of the owners and inhabitants of the territory to be annexed. There is nothing in the statute to indicate that the court's findings must relate back to the date of the annexation ordinance rather than the time of trial. The question of the prosperity of the city and of the area to be annexed necessarily involves the future development and progress of the community. This court concludes that the trial court must make its findings in light of the actual conditions existing at the time of trial. The trial court did not err in considering events which had transpired between the enactment of the annexation ordinance in 1971 and the trial in 1975. There is no suggestion that the city delayed the trial of the

case in order to avoid the burden of proof imposed upon it by the statute.

■ Having ruled that the evidence in question was admissible, this court must also determine whether the city sustained its burden of proving that a failure to annex would materially retard the prosperity of the city and the area sought to be annexed. The appellants contend that the record does not establish that the prosperity of the area in question will be materially retarded if not annexed. No real issue is raised as to the effect on the city.

The trial court found that the area to be annexed did not receive adequate fire protection from the Reidland Voluntary Fire Department. The area had been the site of several major fires which were beyond the capabilities of a voluntary fire department. In those fires, the city had provided assistance, but only after delay. The circuit court found that the city would be able to provide modern professional fire protection through its fire department. In addition, the distance between fire hydrants would be reduced from 1000 feet to 500 feet.

The circuit court found that the area in question received its water supply from the City of Paducah's water plant. Annexation would insure the area an adequate supply of water at a reduced rate following annexation. The circuit court also found that the city's police department could provide better police protection than was being provided to the area by the sheriff's office and the Kentucky State Police. If annexed, the area would also have the benefit of the lighting system used throughout the City of Paducah.

The circuit court also found that annexation would result in an improvement of streets and roads in the area. Not only would this speed traffic into and out of the central part of the city, but it would also improve access to many of the commercial businesses in the area to be annexed.

The record also establishes that the area in question receives all of its electricity from the city's municipally owned power plant. In addition, the area is protected by the city owned flood wall. The prosperity of the area to be annexed is completely dependent upon a continuation of the services being provided by the city. This area of commercial development is completely urban in character. This court concludes that the evidence amply supports the findings of the circuit court that the prosperity of the territory will be retarded if not annexed to the City of Paducah. See *Loeffler v. City of Louisville*, 308 Ky. 629, 215 S.W.2d 535 (1948). Only by annexation can the area in question be assured of the municipal services without which the area can not survive.

■ The appellants also question the probative value of the testimony of many of the witnesses on behalf of the city because these witnesses were city employees. The appellants objected particularly to the testimony of the city manager who was formerly the corporation counsel who drafted the annexation ordinance. Because of the alleged conflict between his role as an attorney and as a witness, it is argued that his testimony had no probative value. Under CR 52.01, the credibility of these witnesses was for the trial court. The findings of fact of the circuit court are not clearly erroneous.

There being no error, the judgment of the circuit court is affirmed.

All concur.