THE STATE v. METCALF *et al.*, *Appellants*.

Division Two, November 19, 1895.

Practice: CONSTITUTIONAL QUESTION: JURISDICTION. A constitutional question is not involved in the determination of a cause merely because it becomes necessary in considering it to consult the constitution to determine the boundary line of the state or a county thereof.

*Certified from Kansas City Court of Appeals.*

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Hall & Woodson* and *Brown & Pratt* for appellants.

*R. F. Walker*, attorney general, *Morton Jourdan*, assistant attorney general, *Robert O. McLin*, and *Romulus E. Culver* for the state.

SHERWOOD, J.—The defendants were indicted, under section 3811, Revised Statutes, 1889, for setting up and keeping a common gaming house. They were convicted and took an appeal to the Kansas City court of appeals, and entered into recognizance for their appearance before that court. By mistake, however, the record in the cause was transmitted to this court. Whereupon the attorney general filed a motion to transfer the cause to the Kansas City court of appeals on the grounds that the offense of which defendants had been convicted was a misdemeanor; that no constitutional question was presented by the record and, therefore, the jurisdiction was in the Kansas City court of appeals, and on the further ground that the recognizance of defendants was conditioned for their appearance before the Kansas city court of appeals. This motion of the attorney general was granted and the cause transferred as therein moved, and the cause was heard and determined and an opinion therein rendered by the Kansas City court of appeals affirming the judgment of the lower court.

Upon a motion for rehearing however, and to transfer the cause to this court, that motion in so far as to transfer the. cause again to this court, was successful. That motion was based on the ground that a constitutional question was involved in reference to the boundary line of this state.

The fact that the constitution of this state would have to be consulted like any other instrument of writ-

ing in order to determine the boundary line of this state or a county thereof, would not involve a constitutional question, any more than would such a question be involved were it to become necessary to consult a statute of this state in reference to such boundary.

.Being of the same opinion as before in regard to the nonjurisdiction of this court herein, we hereby order the retransfer of this cause to the Kansas City court of appeals. All concur.