CITY OF JOPLIN, Plaintiff-Respondent,

v.

VILLAGE OF SHOAL CREEK DRIVE, Defendant-Appellant.

No. 8783.

Springfield Court of Appeals.

Missouri.

Sept. 24, 1968.

Motion for Rehearing or for Transfer to the Supreme Court Denied Oct. 23, 1968.

Emerson Foulke, Joplin, for defendant-appellant.

Loyd E. Roberts, Roberts & Fleischaker, William H. Burden, Jr., Joplin, for plaintiff-respondent.

HOGAN, Presiding Judge.

This is an action for a declaratory judgment to determine the validity of an annexation. Both the plaintiff City and the defendant Village undertook to annex the same territory at substantially the same time, and the principal question in the case is which of the two proceedings had priority. The City of Joplin obtained a favorable judgment and the defendant Village has appealed.

In barest sketch, the facts are: On May 10, 1958, an annexation proposal was laid before the Joplin City Council by the city manager. This proposal was referred to a committee, and on August 8, 1958, at a special meeting of the council, an ordinance was introduced in the city council proposing that the corporate limits of the city be extended by amending the city's charter. The ordinance was given a first reading on August 8, 1958, and on November 4, 1958, the annexation was approved by the voters.

On August 9, 1958, one day after the Joplin ordinance was introduced, the Village of Shoal Creek Drive filed a petition with the County Court of Newton County, praying that part of the territory described in the Joplin ordinance be annexed to the Village as provided by § 80.030, RSMo 1959.[1] On August 11, that court ordered the annexation prayed for in the Village's petition. Other facts, as material, will be noted in the course of the opinion.

■ We have had first to inquire into our jurisdiction. The judgment appealed from was entered on January 6, 1967, and a timely aftertrial motion was filed by the defendant on January 19. No action was taken by the trial court on the aftertrial motion, and the judgment became final on April 20, 1967. On June 7, 1967, the defendant filed a motion in the Supreme Court praying leave to appeal by special order as provided by Rule 82.07(a). In this motion the defendant alleged that jurisdiction of the appeal was in the Supreme Court because both parties were political subdivisions of the state. The motion was granted and the appeal was perfected and submitted in the Supreme Court. Upon

1. All references to statutes and rules are to RSMo 1959, V.A.M.S. and V.A.M.R. We further note that the declaratory judgment was not sought under the provisions of the Sawyers Act, § 71.015; that legislative act is not involved in this case.

examining the record, that court set aside the submission and transferred the appeal here without opinion on the ground that it lacked jurisdiction. The appeal has been argued and submitted here, and we have considered the case on its merits. As indicated, the principal question for decision is which of the two contending municipalities first instituted proceedings to annex the territory in dispute. Since Joplin is a constitutional charter city, and § 20, Article 6 of the Constitution of 1945 sets out the exclusive mode of annexation for constitutional charter cities, City of Hannibal v. Winchester, Mo., 391 S.W.2d 279, 288[18]; McDonnell Aircraft Corporation v. City of Berkeley, Mo., 367 S.W.2d 498, 500[2], we have been led to inquire further whether the case involves a "construction" of the constitution in the appellate jurisdictional sense. If so, we are without jurisdiction, for § 3, Article 5 of the constitution provides that the Supreme Court shall have exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States or of this state. It has not been specifically ruled that no constitutional question whatever exists, and the Supreme Court's preliminary ruling on the question of appellate jurisdiction does not foreclose further review of that matter, nor preclude retransfer. Schmidt v. Morival Farms, Mo.App., 232 S.W.2d 215, 217–218[1] [2] [3].

█ For purposes of appellate jurisdiction, a distinction is drawn between "construction" and "application" of the constitution. Communications Workers of America, etc. v. Brown, Mo., 247 S.W.2d 815, 817; 1964 Wash.U.L.Q. § 1.010, pp. 442–445. It is only when constitutional provisions are not clear that resort must be had to construction, and if no construction of the constitution is called for, but only its application, appellate jurisdiction is vested in one of the courts of appeals, and not in the Supreme Court. E. B. Jones Motor Co. v. Industrial Commission, Mo., 298 S.W.2d 407, 411; Austin Western Road Machinery Co. v. City of New Madrid, Mo.

App., 185 S.W.2d 850, 851[1]. Section 20, Article 6 clearly prescribes the methods by which a constitutional charter city may amend its charter. In this case, we are only required to look to that section to determine what the methods of charter amendment are, and which of these methods was employed by the City of Joplin in this instance. It is not necessary to go further and determine the contextual meaning of a word or phrase, as was required, for example, in State ex rel. Voss v. Davis, Mo., 418 S.W.2d 163. We therefore conclude that no construction of § 20, Article 6 is required, and the appeal is properly lodged here. See State v. Metcalf, 130 Mo. 505, 506–507, 32 S.W. 993.

Another matter of which we must dispose before turning to the merits is the plaintiff's motion directed to certain writings which were not incorporated in the transcript but were nonetheless filed here as "exhibits" by the appellant. These papers consist of some minutes of the Joplin City Council showing, among other things, that the meeting of August 8, 1958, was a special meeting attended by only five of the nine members of the council, and some records of proceedings before the trustees of the Village of Shoal Creek Drive. The Village maintains that we should receive and consider these papers because our review of the case amounts to a "trial de novo"; the City of Joplin objects to any consideration of these writings because they were never considered by the trial court.

█ This aspect of the case need not detain us long. It may be that able and experienced counsel for the defendant intended to offer the writings he now tenders and introduce them in evidence at the trial. However, there is nothing before us to indicate that they were offered in evidence, or considered at the trial, and they have not been incorporated or even referred to in the transcript. We can review only the record presented, and it cannot be supplemented by filing extraneous writings not incorporated in the tran-

script nor conceded by adverse counsel. Pretti v. Herre, Mo., 403 S.W.2d 568, 569 [3]; Nelson v. Hammett, Mo., 189 S.W.2d 238, 242[2, 3]. Further, counsel is mistaken in his suggestion that we can receive and consider evidence which was not presented on trial because our review of this court-tried case is sometimes called a "trial de novo." Rule 73.01(d) does provide that in a court-tried case "[t]he appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature," and appellate review under this rule is sometimes loosely referred to as a "trial de novo." Nevertheless, all the quoted language means is that all court-tried cases are reviewed as equity cases were reviewed before enactment of the Civil Code of 1943. Durwood v. Dubinsky, Mo., 291 S.W.2d 909, 919[11]; 1 Carr, Missouri Civil Procedure, § 813, pp. 879–880 (1947). Our appellate courts review the evidence de novo in a court-tried case, but they do not and never have literally tried cases anew, as does a circuit court on appeal from a probate or magistrate court. George v. Waller, Mo., 19 S.W. 2d 284, 285[1]; State ex rel. Scott v. Smith, 176 Mo. 90, 106, 75 S.W. 586, 590 [3]. Our jurisdiction in this case is appellate only. State ex rel. Wulfing v. Mooney, 362 Mo. 1128, 1139, 247 S.W.2d 722, 726 [5, 6].

■ On the merits, the parties agree that in case of conflict between competing annexations the proceeding first initiated has precedence and the later one must yield. Mayor, Councilmen, and Citizens of City of Liberty v. Dealers Transport Co., Mo., 343 S.W.2d 40, 42[1]; State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 403–404, 228 S.W.2d 762, 778–779; State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 214, 53 S.W.2d 271, 272[1]. They disagree as to what is required of each to initiate an annexation proceeding, and each municipality claims it had priority.

The defendant's first point is that the Joplin annexation proceeding was not in- itiated on August 8, 1958, because the ordinance proposing amendment of the charter was not passed and did not become an ordinance in fact until August 18. The plaintiff maintains that the introduction of the ordinance in the Joplin City Council, without passage, was sufficient to initiate the annexation proceeding and give it priority. We think we must agree with the plaintiff.

■ Joplin is a constitutional charter city; as previously noted, it can annex territory only by amending its charter as provided by § 20, Article 6 of the constitution. Looking to that section, we find that charter amendments (and annexations) may be submitted by a charter commission, and that "[a]mendments may also be proposed by the legislative body of the city or by petition of not less than ten per cent of the registered qualified electors of the city * * *." In this instance, Joplin chose to act by proposal of the legislative body, specifically, by ordinance. It may be granted that the ordinance introduced on August 8 was subject to amendment before final passage, and the ordinance might even have been defeated upon a vote, but in our view that is not determinative here. The doctrine of pre-emption or prior jurisdiction as applied to annexation proceedings is but a specific application of the more general rule that when several separate authorities have concurrent jurisdiction of the same subject matter the one in which proceedings were first commenced has exclusive jurisdiction to the end of the controversy. State ex inf. Goodman ex rel. Crewdson v. Smith, supra, 331 Mo. at 214, 53 S.W.2d at 272[1]; Emerson Electric Mfg. Co. v. City of Ferguson, Mo.App., 376 S.W.2d 643, 645–646[1]. The court in which a suit is first filed will acquire prior jurisdiction despite the fact that the plaintiff might later amend or even dismiss his petition. By the same token, we believe Joplin's jurisdiction of the annexation proceeding attached and became exclusive when the ordinance was introduced, even though the ordinance might have been

amended or even finally defeated. See City of Fort Worth v. State ex rel. Ridglea Village, Tex.Civ.App., 186 S.W.2d 323, 328[6, 7]. As a matter of fact, we think this point has been indirectly ruled against the defendant at least twice. In State ex inf. Taylor ex rel. Kansas City v. North Kansas City, supra, 360 Mo. 374, 228 S.W. 2d 762, Kansas City's ordinance proposing annexation was introduced on August 19, 1946, but was thereafter amended and was not finally passed until September 3. North Kansas City finally passed an ordinance attempting to annex some of the same territory on August 20, 1946, and North Kansas City's ordinance was signed by its mayor on August 27. Still, the court specifically stated, 360 Mo. at 404, 228 S.W.2d at 779[21], "* * * we cannot escape the ruling that (1) relator [Kansas City], *by the institution of its prior proceedings on August 19, 1946* thereby acquired prior jurisdiction of the subject matter, and (2) relator thereby acquired the right to continue its proceedings to a conclusion, unimpaired by any effort whatever upon the part of respondent to annex any of the same area. * * *" In State ex inf. Goodman ex rel. Crewdson v. Smith, supra, 331 Mo. 211, 53 S.W.2d 271, the court held that introduction of an ordinance proposing annexation on May 3, 1929, was sufficient to vest the City of Louisiana with exclusive jurisdiction, even though the ordinance was not finally passed until May 14, and the county court had, on May 13, entered an order incorporating the same territory as a village. In the case at bar, we conclude that the City of Joplin acquired prior and exclusive jurisdiction of the subject matter when its ordinance proposing annexation was introduced in the city council on August 8, 1958.

As an alternative argument directed to the question of priority, the Village maintains it actually took the first step toward annexation either on September 28, 1956, or on April 11, 1958. This argument is based on the premise that on one of those two dates the filing of a petition with the county court was authorized by the board of trustees, and therefore the Village's action was initiated before that of the City of Joplin.

The journal of the Village's board of trustees was introduced in evidence, and this journal or minute book contains an entry dated September 28, 1956. This entry is, in material part:

"Mr. Hymer introduced 4 Representatives from a section east of Main street and south of 44th street to the new Freeway. These people are interested in being annexed to our village. This possible annexation was discussed and the village decided to accept this section and further discussion is planned * *."

There is another entry, dated April 11, 1958, which reads, in material part:

"Mr. Clyde Hymer made a motion we accept a section of property east of our village represented by Mr. Noble seconded by Jess Giett carried 5 to 0. Mr. Hymer agreed to have necessary papers drawn up and all trustees agreed to take pertetion [sic] to County Court."

■■■ We cannot agree that either of these entries supports the defendant's contention that it took the "first step" toward annexation. In the first place, it is not at all clear from these entries what land was being considered. Certainly the minutes do not describe the land sufficiently for us to say with any confidence that the trustees were considering the land now in dispute. There are, however, other weaknesses in the appellant's argument. Section 80.030 governs annexations by incorporated villages; it provides that in certain circumstances a village may begin an annexation by filing a petition with the county court. That court then hears evidence and orders annexation "if it deem it just and proper." We have the view that when there is a statute governing annexation, and the statute prescribes the procedure to be followed, then the doing of the first thing required by the statute

marks the beginning of the proceeding. School Dist. of City of Birmingham v. School Dist. No. 2, etc., 318 Mich. 363, 28 N.W.2d 265, 268[2]; City of Fort Worth v. State ex rel. Ridglea Village, supra, 186 S.W.2d at 328[6, 7]; Village of Brown Deer v. City of Milwaukee, 274 Wis. 50, 79 N.W.2d 340, 344–345[2]. The first thing required by § 80.030 is the filing of a petition with the county court, and the filing of the petition marked the institution of the Village's annexation proceeding. The petition was filed on August 9, 1958, one day after the Joplin ordinance had been proposed.

The appellant also contends that the ballot submitting the annexation to the voters did not sufficiently describe the area to be annexed, and for that reason the annexation was void. We believe the regularity of the election was admitted by the appellant's answer, and that the sufficiency of the ballot is not before us.

Paragraph 3 of the plaintiff's petition states, among other things, that on August 8, 1958, Ordinance 24017 (providing for submission of the charter amendment) was introduced and given a first reading. A copy of the ordinance and the ballot upon which the proposition was submitted was incorporated by reference in this paragraph. Paragraph 4 of the petition alleges that "the proposed amendment * * * was duly submitted to the voters * * * at the regular election held on the 4th day of November, 1958, and approved by a majority of the qualified electors voting therein." Paragraph 4 of the appellant's answer admits "the allegation of paragraph 4 of the petition that said amendment was submitted to the voters of the City of Joplin and approved by a majority thereof *as alleged in the petition* [our emphasis], but defendant denies that the City of Joplin thereby became vested with municipal jurisdiction over said area."

In pleading the submission of the charter amendment to a vote, the plaintiff was obviously pleading the performance of an official act, and it was sufficient to aver that the amendment was "duly submitted," without alleging facts showing compliance with the law. Rule 55.19; 1A Barron & Holtzoff, Federal Practice and Procedure, § 305, p. 234 (Rules Ed. 1960). Moreover, the ballot, having been incorporated in the petition as an exhibit, became a part thereof for all purposes. Rule 55.14; *Commonwealth Insurance Agency, Inc. v. Arnold,* Mo., 389 S.W.2d 803, 806 [2]; *Travelers Indemnity Co. v. Chumbley,* Mo.App., 394 S.W.2d 418, 419[4]. The pleading is therefore to be read as alleging that the amendment was duly and lawfully submitted upon the incorporated ballot. The petition was sufficient to permit proof that the election was held in compliance with the law. Therefore, when the defendant admitted that the charter amendment was submitted "as alleged in the petition," the need for proof of compliance with the law was obviated, and any issue as to the sufficiency of the ballot went out of the case. There is nothing before us on this point. *City of Cape Girardeau v. Armstrong,* Mo.App., 417 S.W.2d 661, 673[1]; *City of Creve Coeur v. Huddleston,* Mo.App., 405 S.W.2d 536, 540[5].

For the reasons indicated, the judgment is affirmed.

STONE and TITUS, JJ., concur.