**CITY OF SUGAR CREEK, Missouri, a Municipal Corporation, Plaintiff-Respondent,**

v.

**CITY OF INDEPENDENCE, Missouri, a Municipal Corporation, Defendant-Appellant.**

No. 25462.

Kansas City Court of Appeals, Missouri.

April 5, 1971.

James S. Cottingham, City Counselor, Thomas D. Cochran, Asst. City Counselor, Independence, for defendant-appellant.

Jacob Brown, Brown, Koralchik & Fingersh, Kansas City, for plaintiff-respondent.

JAMES W. BROADDUS, Special Commissioner.

This is a suit for declaratory judgment instituted by plaintiff, City of Sugar Creek, against defendant, City of Independence.

Plaintiff is a City of the Fourth Class. Defendant is a city organized under a Constitutional Special Charter. Both cities heretofore undertook to annex common areas and both presumably completed their respective annexations prior to the institution of this litigation. This action therefore involves a review of completed annexation procedures undertaken by each. For this purpose, plaintiff filed its Petition for Declaratory Judgment and for Injunction on April 7, 1967, in the Circuit Court of Jackson County. On May 10, 1967, defendant filed its Answer and Counterclaim for Declaratory Judgment. Both the petition and counterclaim requested a determination as to which of the two said municipalities had priority and is entitled to assert jurisdiction and domain over the commonly annexed areas.

The parties were able to agree upon all of the facts. For this purpose, they entered into a Stipulation of Facts which was filed in the trial court, accompanied by a schedule containing Exhibits A through M, inclusive, relating to the separate ordinances and procedures undertaken by each city.

Because of the agreed stipulation of facts, neither party found it necessary to present additional facts or evidence at the hearing. Prior thereto, to avoid the assumption of jurisdiction or domain over the annexed areas by either city pending the outcome of this litigation, the parties entered into a Stipulation for Temporary Injunction and pursuant thereto, the trial court on September 26, 1967, entered an Order of Temporary Injunction prohibiting either city from asserting jurisdiction over the annexed areas pending a determination of the issues herein. Following presentation of the Stipulation of facts, arguments of counsel and submission of briefs, the trial court on January 14, 1970 made its Findings of Fact and Conclusions of Law, and on said date entered its decree in favor of plaintiff and against defendant, finding and holding that plaintiff had undertaken and completed its annexation procedures according to law and that its claim to the territory in question was valid and prior to that of the defendant, Independence, and that the annexation procedures undertaken by defendant in respect to said common territory were invalid and of no force and effect. Following the overruling of after-trial motions of defendant, this appeal was taken.

Although the Stipulation of Facts fully describes the separate steps and procedures undertaken by each city, a summary thereof is as follows:

"I. Re: PLAINTIFF (CITY OF SUGAR CREEK)

(a) On Monday, April 6, 1964, Ordinance No. R–1481 was introduced for its first reading, the same being entitled:

'An Ordinance Providing for the Extension of the Corporate Limits of the City of Sugar Creek, Missouri by Annexation to the Present City Limits of Certain Additional Territory on the East and the North Authorizing and Directing the

Filing of a Declaratory Judgment Suit in the Circuit Court of Jackson County, Missouri, for the Approval Thereof, and Providing for the Submission Thereafter of the Proposition of Extension and Annexation to the Legally Qualified Voters of Said City at an Election to be Called and Held Therefor.' "

Said ordinance fully described by metes and bounds the area proposed for annexation.

(b) On April 27, 1964, Ordinance No. R–1481 was duly enacted in the precise form of its first reading without amendment.

(c) Thereafter, on September 18, 1964, plaintiff instituted a declaratory judgment suit in the Circuit Court of Jackson County (Case No. 663328) seeking approval of its annexation as provided for by Ordinance No. R–1481, in accordance with the provisions of the Sawyer Act (Chapter 71, Section 015, RSMo 1959 V.A.M.S.).

Said case was tried and heard in Division No. 11 and on December 29, 1966, the court entered its judgment and decree approving the annexation by plaintiff (Sugar Creek), subject only to final approval of the electorate of the city.

(d) On February 14, 1967, at a special election held for that purpose, the annexation provided for by Ordinance No. R–1481 was approved by the voters of Sugar Creek as was thereafter reflected in Ordinance No. R–1552 enacted on February 20, 1967, declaring the results of the election.

## II. Re: DEFENDANT (CITY OF INDEPENDENCE)

(a) On March 18, 1963, Independence enacted Ordinances 264 and 265 providing for the annexation of the areas herein involved, and setting April 7, 1964 as the date for submitting same to the electorate at a special election.

(b) On Tuesday, April 7, 1964, the annexation proposals contained in Ordinances 264 and 265 were submitted at a Special Election, and both of said ordinances were defeated as was evidenced by Ordinance No. 637 passed on April 20, 1964, declaring the results of said election.

(c) On Tuesday, April 7, 1964, following the defeat of Ordinances 264 and 265, the City Council of Independence introduced new ordinances numbered 810 and 811 for their first reading. These again proposed annexation of the same areas previously involved in Ordinances 264 and 265 which had been defeated. On November 16, 1964, Ordinances 810 and 811 were enacted, but were later amended as hereinafter set out.

(d) Ordinance 811 was thereafter continuously amended by Ordinances 834, 939, 1123, 1227 and 1463 respectively. On April 4, 1967, an election was held in Independence relating to the territory described in Ordinance 1463 (being the same territory originally described in Ordinance No. 811). The results of said election approving the proposal submitted were declared by Independence Ordinance 1532 passed on May 1, 1967.

(e) Ordinance 810 was continuously amended by Ordinances 833, 938, 1122 and 1226 respectively. None of these was ever further acted upon. However, Ordinance 1731 was thereafter enacted covering the same territory originally shown in No. 810, but making no reference to said prior ordinance nor to the amendments thereof. Ordinance 2091 was thereafter enacted amending Ordinance 1731, likewise covering the same area originally described in said No. 810 and fixing April 7, 1970 as the date of election therefor. Accordingly, as of the time of the hearing in the trial court, Independence had not yet submitted to an election the proposed annexation involved in said Ordinance 2091, which is the same area covered originally by Ordinance No. 810 first introduced on April 7, 1964, and its later amendments.

Each of the procedures above described are more elaborately detailed in the Stipulation of Facts and the Exhibits thereto. Since the purported annexations by each city covered common areas, the principal

issue before the trial court involved a determination of the validity and priority of the respective proceedings undertaken by each. As reflected in the Findings of Fact and Conclusions of Law and in the Decree of the trial court, all of such issues were found in favor of plaintiff, Sugar Creek, and against defendant, Independence.

Plaintiff (Sugar Creek) is a City of the Fourth Class. As such, the procedures required by law and applicable to it for the annexation of additional territory are:

(1) Enactment of an Ordinance of annexation pursuant to Section 020 of Chapter 79, RSMo;

(2) Filing a Declaratory Judgment Suit under Chapter 71, Section 015, RSMo (Sawyer Act) and obtaining a decree declaring the reasonableness of said annexation; and

(3) Thereafter submitting said proposition to the vote of the people at a duly called election and obtaining voter approval for said annexation.

Before the Sawyer Act was enacted in 1953, the procedures consisted only of steps (1) and (3) above. However, to avert leaving the question of the reasonableness of an annexation open to litigation after its completion, the legislature undertook to provide a means for determining such reasonableness by judicial review in advance of the finalization of such annexation by providing the intermediate step of requiring a declaratory judgment finding before such annexation could be finalized by voter approval. The Sawyer Act did not otherwise change the annexation procedures required of a city, in this instance, Sugar Creek. Defendant's contention that the filing of a declaratory judgment action was the first required step for plaintiff's annexation is wholly in error. City of St. Joseph v. Hankinson, 312 S.W.2d 4, Mo.Sup. The first valid step for annexation by plaintiff was the introduction and first reading of its ordinance of annexation.

Plaintiff (Sugar Creek) commenced its annexation procedures by the introduction and first reading of Ordinance R–1481 at a regular meeting of its Board of Aldermen on April 6, 1964. It thereafter completed all further procedures required by law for the annexation of the area covered by said Ordinance as same is shown and described in the plat and description in Exhibits K and L of the Stipulation of Facts. The steps undertaken and completed are set out in full in said stipulation and no controversy exists in respect to said facts.

In summary, following the first reading of Ordinance R–1481 on April 6, 1964, said ordinance was enacted on April 27, 1964 without amendment. Said ordinance undertakes the annexation of the area therein described, and renders same effective, subject only to the filing of a declaratory judgment suit under the Sawyer Act, obtaining a favorable decree, and thereafter obtaining voter approval. On September 18, 1964, plaintiff instituted a declaratory judgment suit in the Circuit Court of Jackson County, Missouri (Case No. 663328—Division 11) seeking approval of the annexation proposed by said Ordinance R–1481, all in accordance with Section 015 of Chapter 71, RSMo, known as the Sawyer Act. Said suit was brought and heard as a class action against representative taxpayers in the area being annexed as required by the Act and on December 29, 1966 the court entered its decree approving said annexation as reasonable and according to law. The remaining step to finalize such annexation was the submission of said proposition to annex at a special election which was duly called and held in Sugar Creek on February 14, 1967, at which the voters overwhelmingly approved said annexation as evidenced by Ordinance R–1552 passed on February 20, 1967, declaring the results thereof.

The doctrine of prior jurisdiction has long been established in Missouri and as between two municipalities competing for the same territory the one which undertakes the first *valid* step toward such annexation

has priority upon its completion thereof. The cases upholding this doctrine are numerous and include Emerson Electric Mfg. Co. et al. v. City of Ferguson and Town of Normandy, 376 S.W.2d 643 (Mo.App.); Mayor, Councilmen and Citizens of City of Liberty v. Dealers Transport Co. and Kansas City, 343 S.W.2d 40 (Mo.Sup., en banc); State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762 (en banc); City of Joplin v. Village of Shoal Creek Drive, 434 S.W.2d 25 (Mo.App.); State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271 and others.

 As will be seen, the first reading of a valid ordinance of annexation constitutes the date of commencement of such procedures within the meaning of said doctrine. The introduction and first reading by Sugar Creek of its Ordinance R–1481 on April 6, 1964 was the first valid act undertaken by either Sugar Creek or Independence for annexation of said common areas. As previously shown, Sugar Creek thereafter completed all further procedures required to render such annexation final and effective. Up to the time of said first valid act by Sugar Creek, nothing done by Independence constituted a valid step toward its purported annexations, since its first Ordinances (Nos. 264 and 265) were voided by their defeat at the election on April 7, 1964. It is noteworthy that in applying the doctrine, the Courts make specific reference to a first *valid* act by a municipality.

In Mayor, Councilmen, and Citizens of City of Liberty v. Dealers Transport Co. and Kansas City, 343 S.W.2d 40 (Mo. en banc), the City of Liberty brought a declaratory judgment suit seeking approval of an annexation. The annexation was opposed by Kansas City which had previously proposed annexing the same land. The court dealt primarily with the question of priority as between the two cities, both of which had undertaken annexation of common areas. Kansas City had first introduced its

ordinance to amend its charter by the annexation, on April 6, 1956. This was prior to any valid moves made by Liberty toward its proposed annexation. The court upheld the claim of priority asserted by Kansas City on the ground that it acquired prior jurisdiction by taking the first valid step as between the two cities, namely, the introduction and first reading of its charter amendment to annex on April 6, 1956. In so holding, the Court stated (l. c. 42):

"It will be noted that the Court of Appeals stated, in its opinion, 328 S.W.2d loc. cit. 730 (1, 2), with reference to the claim of priority made by Kansas City, that Counsel for both Kansas City and Liberty agree that there exists in this state and elsewhere, what is popularly referred to as 'the prior jurisdiction doctrine'. This doctrine has resulted from the sound recognition that there cannot be two municipal corporations with co-extensive powers of government extending over the same area. *The resulting and settled rule is that where two public bodies such as a municipal corporation or school district each claim jurisdiction over the same territory by virtue of* completed consolidation proceedings or by completed *annexation proceedings, the one which takes the first valid step to establish the consolidation or annexation has the superior claim regardless of which one completes its proceedings first.* State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762; State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271; Walker Reorganized School District R–4 v. Flint, Mo.App., 303 S.W.2d 200. * * *" (Italics ours.)

It would serve no useful purpose to quote from other Missouri cases, all of which sustain the doctrine of prior jurisdiction which inures to the city that undertakes the first valid step in carrying out procedures applicable to it for accomplishing lawful annexation. These authorities have held that the *first reading* of a proper ordinance of annexation constitutes such

first step for the purpose of invoking the right of priority. It is noteworthy that in at least two of the cases cited (State ex inf. Taylor ex rel. Kansas City v. North Kansas City, supra, and City of Joplin v. Village of Shoal Creek Drive, supra) only one day separated the first moves undertaken by each of the competing municipalities but was regarded by the Missouri Supreme Court and the Court of Appeals as sufficient to establish priority to the municipality taking the first lawful step.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.