**Sibyl KERSH, and Diana Kersh, a Minor, by and Through Her Next Friend, Sibyl Kersh, Plaintiffs-Appellants,**

v.

**STATE of Missouri d/b/a Conservation Commission of the State of Missouri, and Conservation Commission of the State of Missouri, Defendants-Respondents.**

No. 9222.

Missouri Court of Appeals, Springfield District.

Nov. 14, 1972.

Rehearing Denied Dec. 5, 1972.

Kenneth W. Johnson, Bussell, Hough, Greene & Bernhardt, Springfield, for plaintiffs-appellants.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for defendants-respondents.

HOGAN, Judge.

Plaintiffs Kersh brought this action against the State eo nomine and the Conservation Commission, seeking to recover for the wrongful death of James T. Kersh, allegedly killed when his airplane struck a radio tower owned and operated by the Conservation Commission. The trial court has dismissed both actions upon the defendants' claims of sovereign immunity. Plaintiffs have appealed, earnestly urging that we should review the doctrine of sovereign immunity generally, asserting a good many of the arguments which were advanced in Payne v. County of Jackson, Mo., 484 S.W.2d 483.

The record has been presented to us in a rather confused state, and a number of procedural questions have been briefed and argued. It is clear, however, that the State waived any objection to the venue of the action and that the trial court dismissed the action primarily because it was of the opinion that the Commission is immune from this action. The whole controversy

is so clearly governed by Payne v. County of Jackson, supra, 484 S.W.2d 483, that a discussion of the substantive law is unnecessary.[1] The Conservation Commission is an adjunct of the Executive Department, made so by the plain provisions of Mo. Const. art. 4, § 12, V.A.M.S. No "construction" of the constitution is required so to hold, since one need only look to the plain language of art. 4, § 12 to determine the Commission's status. See E. B. Jones Motor Co. v. Industrial Commission of Missouri, Mo., 298 S.W.2d 407, 410 [5]; State v. Metcalf, 130 Mo. 505, 506–507, 32 S.W. 993.

For the reasons indicated, the judgment is affirmed.

TITUS, C. J., and STONE, J., concur.

1. The opinion in Payne v. County of Jackson had not been published when this appeal was argued and submitted on September 6, 1972.