**MISSOURI PUBLIC SERVICE COMPANY, Plaintiff-Appellant,**

v.

**PLATTE–CLAY ELECTRIC COOPERATIVE, INC., et al., Defendants-Respondents.**

**No. KCD 26458.**

Missouri Court of Appeals, Kansas City District.

Dec. 8, 1975.

Rehearing Denied Feb. 9, 1976.

Gary J. Brouillette, Co. Counsel, Judith J. Paxton, Asst. Co. Counsel, Kansas City, for plaintiff-appellant.

David R. Clevenger, Platte City, for defendants-respondents.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Missouri Public Service Company (hereinafter referred to as plaintiff) brought suit against Platte-Clay Electric Cooperative, Inc., and its general manager and directors (hereinafter referred to as defendant) for injunctive relief and declaratory judgment. At the trial level the pendency of a quo warranto action in the Supreme Court created what appeared to be an insoluble impasse and an adverse judgment was rendered against plaintiff from which it appealed.

▮ Plaintiff, a public utility, had been granted a franchise by Platte City, Missouri (a fourth class city) to provide electric service to consumers within its corporate limits. Prior to the time plaintiff filed suit, Platte City initiated and completed the following procedural steps to effect annexation of a twenty-three square mile unincorporated

area contiguous to and adjoining its then existing corporate limits: (1) an ordinance of annexation pursuant to present Sec. 79.-020, RSMo 1969, was enacted; (2) a declaratory judgment action pursuant to Sec. 71.-015, RSMo 1969 (commonly referred to as the Sawyers Act), was filed and a judgment was obtained in the Circuit Court of Platte County, Missouri, on May 25, 1970, declaring the annexation to be reasonable; and (3) on July 28, 1970, said annexation was submitted to the voters of Platte City at a duly called election at which time voter approval of said annexation was obtained. No appeal was ever taken from the declaratory judgment entered by the Circuit Court of Platte County declaring the reasonableness of the annexation and it became a final judgment. According to *City of Sugar Creek v. City of Independence,* 466 S.W.2d 100 (Mo.App.1971), Platte City complied with all applicable procedures required by law to properly effect annexation of the twenty-three square mile unincorporated area. It is implicit in *City of Sugar Creek v. City of Independence,* supra, that the effective date of the annexation of additional territory by a fourth class city such as Platte City, provided the procedural steps outlined therein have been complied with, is the date that voter approval of said annexation is obtained. In this case, as previously noted, voter approval was obtained on July 28, 1970.

On November 13, 1970, the State of Missouri, by John C. Danforth, Attorney General, at the relation of Kansas City, Missouri, filed a petition in the nature of quo warranto in the Supreme Court of Missouri against Platte City, Missouri, attacking the legality of said annexation, same bearing case No. 56282. The Supreme Court issued a "show cause order" directed to and served upon Platte City, Missouri, to appear and show by what authority it claimed to exercise jurisdiction, power and authority in the annexed area and to show cause why it should not be ousted from exercising jurisdiction, power and authority therein.

Subsequent to July 28, 1970, Platte-Clay Electric Cooperative, Inc., which was subject to the provisions of Sections 394.020 and 394.080, RSMo 1969, began contacting consumers within the corporate limits of Platte City, in certain areas included by reason of said annexation, and began providing electric service to certain consumers therein and allegedly intended to contact and provide service to other consumers therein. Sec. 394.080, supra, so far as pertinent, empowered it to provide electric service to consumers in "rural areas". Sec. 394.020, supra, among other things, defines "rural area" as any area "not included within the boundaries of any city, town or village having a population in excess of fifteen hundred inhabitants". It stands undisputed that Platte City, Missouri, had more than fifteen hundred inhabitants.

On September 5, 1972, the suit precipitating this appeal was filed by plaintiff to enjoin defendant from contacting and servicing any new or additional electric consumers within the corporate limits of Platte City, as extended by the annexation, on or after July 28, 1970, and for a declaration of plaintiff's rights under the franchise granted to it by Platte City, Missouri. A temporary restraining order was issued by the trial court. At the conclusion of plaintiff's presentation of its case on the merits, the trial court dissolved the temporary restraining order and denied plaintiff all relief prayed for. It is fair to say, on the basis of the record below, that defendant conceded that, but for the pending quo warranto action, plaintiff was entitled to the relief prayed for in its petition. This concession is quite understandable, and in fact no other conclusion could have been reached under the facts of this case, in light of Sections 394.020 and 394.080, supra, and the construction given them in *Missouri Public Service Company v. Platte-Clay Electric Cooperative, Inc.,* 407 S.W.2d 883 (Mo.1966).

Nevertheless, because of the pending quo warranto action, the trial court entered judgment denying all relief prayed for by plaintiff. Why the trial court did so is far

from clear. The trial court apparently concluded, upon the vigorous insistence of defendant, that the annexation was surrounded with an aura of questionable finality until such time as final disposition was made of the pending quo warranto action. The potentially protean corporate limits of Platte City, depending upon the final outcome of the quo warranto action, appears to be the only logical explanation for the judgment entered by the trial court. It does not behoove this court to discuss whether a stay of proceedings, rather than rendition of a final judgment adverse to plaintiff, would have been a more appropriate course of action for the trial court to have pursued.

After the case was argued and submitted to this court on appeal the quo warranto action pending in the Supreme Court was voluntarily dismissed with the end result that no judgment of ouster was ever rendered.

Prior to dismissal of the quo warranto action pending in the Supreme Court, Platte City held a deannexation election and a portion of the twenty-three square miles originally annexed was deannexed and no longer lies within the corporate limits of said city. The boundaries of the deannexed area are unknown to this court and, necessarily, it does not know whether any of the consumers of electric energy being served by defendant, or which defendant may seek to serve, which plaintiff complains of, are in the deannexed area.

As matters now stand, the corporate limits of Platte City, as extended by the annexation which received voter approval on July 28, 1970, subject only to any reduction brought about by the deannexation election, are no longer in doubt or under a pall of legal suspicion because of the previously pending quo warranto action.

When defendant chose on and after July 28, 1970, to enter the area newly annexed by Platte City for the purpose of soliciting and serving consumers with electric service, it did so at its own risk. *School District of Kirkwood R–7 v. Zeibig,* 317

S.W.2d 295, 301 (Mo. banc 1958). It apparently did so on the mistaken assumption that the pending quo warranto action would ultimately result in a final judgment of ouster. But such was not the case and defendant must suffer the consequences of what turned out to be a mistaken assumption on its part.

Although no cases have been cited by counsel or found by this court mirroring the present posture of this case, common sense dictates the following disposition. The judgment below is reversed and the case is remanded to the trial court with directions to enter judgment in favor of the plaintiff as prayed for, but only insofar as such relief relates to those areas remaining within the extended corporate limits of Platte City, Missouri, after the deannexation which occurred subsequent to July 28, 1970. Upon remand, because of the deannexation that occurred after the case reached this court on appeal, the trial court may deem it necessary to hear additional evidence in order to be properly advised as to the present corporate limits of Platte City since they circumscribe the area in which plaintiff is entitled to relief. Additionally, the trial court may deem it necessary to hear evidence to set up a reasonable time schedule in its judgment to alleviate any hardship on consumers that might otherwise occur because of a change of suppliers. For these reasons the trial court in equity and good conscience should have and is hereby afforded the opportunity to hear additional evidence regarding the matters immediately heretofore mentioned should it deem it necessary to do so.

Judgment reversed and cause remanded to the trial court with directions.

All concur.