MAYOR, COUNCILMEN and CITIZENS OF the CITY OF LIBERTY, Missouri, Respondents,

v.

James TINDALL, Silvia A. Rizzo, Lisa White Hardwick, Fred Arbanas, Dominick Armato, Dennis Waits, Ed Growney, Mary Lou Smith, Robert E. Hertzog, Members of the Jackson County Legislature; Marsha J. Murphy, Jackson County Executive; County Legislature of Jackson County; Jackson County, Missouri; William L. Larkin, Connie Jane Larkin, Ronald D. Wheeler, David Obermeyer, Paul A. Angelides, Members of the Board of Trustees of Town of River Bend; and the Town of River Bend, Appellants.

No. WD 50904.

Missouri Court of Appeals, Western District.

March 26, 1996.

Douglas J. Patterson, Leawood, for appellants.

Jerome E. Brant, Liberty, for respondents.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, Presiding Judge.

An area called River Bend is in a "tug of war" between Liberty, in Clay County, and Jackson County who want to annex the small community which lies on the banks of the Missouri River in Jackson County. The appellants—Jackson County, members of its legislature, its executive, members of the River Bend board of trustees, and the purported town of River Bend—appeal the circuit court's ruling that Liberty has exclusive jurisdiction to annex River Bend. The appellants claim that a petition filed by residents of River Bend seeking incorporation in Jackson County should take precedence over Liberty's annexation ordinance. We disagree and affirm the circuit court's judgment.

On February 8, 1993, Liberty's city council adopted Ordinance No. 6521 which proposed annexing River Bend. The ordinance was entitled, "An Ordinance and Resolution Providing for the Proposed Annexation of Certain Unincorporated Real Property Located in the Counties of Clay and Jackson, State of Missouri, Lying South and East of the Present Limits Line of the City of Liberty, Mis-

souri." Liberty's mayor signed it. On March 22, 1993, Liberty adopted Ordinance No. 6562, entitled "An Ordinance Providing for the Extension of the City Limits of the City of Liberty, Missouri, by Embracing and Including Unincorporated Real Property Located in the Counties of Clay and Jackson, State of Missouri, Lying South and East of the Present City Limits Line of the City of Liberty, Missouri and Hereinafter Particularly Described." The area described in Ordinance No. 6562 included all of the area known as River Bend.

On March 9, 1993, a group of residents of the purported town of River Bend filed with the clerk of Jackson County's legislature a petition for incorporation. The next day, the Jackson County legislature conducted a public hearing on the petition. On May 12, 1993, Liberty filed a motion to dismiss or to deny the petition on the ground that it had prior jurisdiction. On August 31, 1993, the Jackson County legislature adopted an ordinance incorporating the town, effective on September 10, 1993.

On October 8, 1993, Liberty filed a petition seeking the circuit court's review of Jackson County's ordinance incorporating River Bend. Liberty claimed that its ordinance of February 8, 1993, invoked exclusive jurisdiction over River Bend and that the Jackson County legislature was barred from considering the petition for incorporation. On February 21, 1995, the circuit court entered judgment for Liberty.

In its findings of fact and conclusions of law, the circuit court found that Liberty had commenced annexation procedures by enacting the ordinance of February 8, 1993. This, the court ruled, granted Liberty exclusive prior jurisdiction over River Bend. The court concluded that this preempted Jackson County's action. The circuit court also concluded that the Jackson County legislature did not have authority to incorporate the town, and it voided the incorporating ordinance. This appeal followed.

The appellants contend that the circuit court's ruling was wrong because the ordinance of February 8, 1993, was not a valid step toward annexation; it was only a *pro-*

*posed* annexation. They assert that for years Liberty had issued "holding ordinances" to preserve its claim to River Bend, and that the February 8 ordinance was but another of these invalid annexation ordinances. We disagree.

When two public bodies assert jurisdiction over the same territory in annexation proceedings, the one which took the first valid step toward annexation will prevail regardless of which one completes its proceedings first. *State ex inf. Nesslage v. Lake St. Louis,* 718 S.W.2d 214, 219 (Mo.App. 1986); *State ex rel. Voigts v. City of Pleasant Valley,* 453 S.W.2d 700, 707 (Mo.App.1970). "[W]hen there is a statute governing the annexation, and the statute prescribes the procedure to be followed, then the doing of the first thing required by the statute marks the beginning of the proceedings." *Lake St. Louis,* 718 S.W.2d at 219.

Section 71.015, RSMo 1994, governed Liberty's annexation procedures. This statute says:

(2) The governing body of any city, town, or village shall propose an ordinance setting forth the following:

(a) The area to be annexed and affirmatively stating that the boundaries comply with the condition precedent referred to in subdivision (1) above;

(b) That such annexation is reasonable and necessary to the proper development of the city, town or village;

(c) That the city has developed a "plan of intent" to provide services to the area proposed for annexation;

(d) That a public hearing shall be held prior to the adoption of the ordinance;

(e) When the annexation is proposed to be effective, the effective date being up to thirty-six months from the date of any election held in conjunction.

. . . .

(5) Following the hearing, should the governing body of the city, town, or village vote favorably by ordinance to annex the area, then before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated, under the provisions of chapter 527, RSMo, praying for a declaratory judgment authorizing such annexation.

This statute makes proposing an ordinance the first valid step toward involuntary annexation. This action starts in motion the remaining procedures required by the statute. *Lake St. Louis,* 718 S.W.2d at 219 (the court found that the city took the first valid step under § 71.015 by passing an enabling resolution *proposing* annexation). Liberty took the first valid step on February 8, 1993, by adopting Ordinance No. 6521 which set in motion procedures which led to the adoption of an annexation ordinance on March 22, 1993.

Residents of the River Bend area did not file their petition to incorporate until March 9, 1993, more than a month after Liberty's first step on February 8, 1993. The circuit court correctly concluded that Liberty had established prior jurisdiction and was entitled to proceed with the annexation of River Bend.

In making their argument that Ordinance No. 6521 was not a *valid* first step toward annexation because it only proposed annexation, the appellants rely on *City of Sugar Creek v. City of Independence,* 466 S.W.2d 100 (Mo.App.1971). Their reliance on this case is misplaced because it was decided before the General Assembly amended § 71.015 in 1980. Before it was amended, the statute required only the passage of an annexation ordinance, the filing of a declaratory judgment suit, and submission of the annexation for voter approval. Under the current statute, the first act required under § 71.015.1(2) is that the "governing body of any city ... propose an [annexation] ordinance[.]" Indeed, the ordinance at issue in *Lake St. Louis,* deemed by this court's Eastern District to be a valid first step under § 71.015.1, proposed annexation. 718 S.W.2d at 219.

Section 71.015.1 does not require a municipality to adopt an annexation ordinance until after it has conducted a hearing. Section 71.015.1(5) contemplates that only after a municipality has taken the prerequisite steps,

including the hearing, should it "vote favorably by ordinance to annex the area[.]"

Liberty's resolution proposing the annexation of River Bend on February 8, 1993, satisfied the criteria of § 71.015.1(2) and was, therefore, a valid first step toward annexation. It was not merely a "holding ordinance," as the appellants contend. Liberty's city council followed up its ordinance proposing annexation by taking the further steps required by § 71.015.1(2)(a)-(e). Then on March 22, 1993, consistent with § 71.015.1(5), Liberty's city council voted favorably by adopting Ordinance No. 6562 to annex the area.

We conclude that Liberty had prior and exclusive jurisdiction to annex River Bend. We need not determine whether jurisdiction may already have been assumed before February 8, 1993, as a result of any prior "holding ordinances" passed by the city. The circuit court did not err in finding that Liberty had established prior and exclusive jurisdiction over the River Bend area. We affirm its judgment.

All concur.